Bessom *v.* Freto.

paid on the delivery of the deed of conveyance ; and evidence of different terms, agreed on by parol, was rightly rejected. *Dow* v. *Tuttle,* 4 Mass. 414. *Allen* v. *Kimball,* 23 Pick. 473, and cases there cited. *Warren* v. *Wheeler,* 8 Met. 97. *Elder* v. *Elder,* 1 Fairf. 80.

## BETSEY BESSOM *vs.* FRANCIS FRETO.

R. conveyed to M. all the estates conveyed to R. by P., " excepting the chamber and bed room heretofore conveyed by said R. to A. L. B.; excepting and reserving also to B. B. that she may continue to live in the dwelling-house herein conveyed, during her life, without paying any rent therefor : " M. conveyed all the estates conveyed to M. by R., " excepting the chamber and bed room owned by A. L. B., and excepting also the reservation to B. B. that she may continue to live in the

dwelling-house belonging to the premises hereby conveyed, during her life, with-
out paying any rent therefor:" B. B. afterwards brought an action of trespass
against F. for breaking and entering her dwelling-house and disturbing her pos-
session thereof. *Held,* that though B. B. could not show title in the house by a reser-
vation in a deed between other parties, yet that the reservation to her, in M.'s deed
to F., prevented the reserved part of the estate from passing to F., and that if M
did not interfere to prevent B. B.'s possession, but permitted her to occupy the
house, her possession was lawful and valid against all other persons, and that she
might maintain trespass, if her possession was violated. *Held also,* that though
the description, in the deeds, of that part of the house which was reserved, was
uncertain, yet if B. B., at the time when M. conveyed to F., was in possession of
that part of the house, upon which the trespass was alleged to have been com-
mitted by F., M. was disseized *pro tanto,* and that part did not pass to F.; and
that parol evidence was admissible to prove that B. B. had possession of that
part, at that time.

TRESPASS for breaking and entering the plaintiff's dwelling-
house in Marblehead. At the trial in the court of common
pleas, before *Wells,* C. J. the plaintiff gave evidence tending
to prove her possession of the house, claiming title, and that
the defendant, against her will, introduced certain tenants into
the house, and continued them there several months, against
her will, and removed her furniture from certain parts of the
house claimed by her.

The defendant justified under a deed from Hannah Martin
to himself, and from George C. Roundy to said Hannah ; and
it was admitted that the original title to the house was in said
Roundy. Said Roundy's deed to said Hannah was dated
January 11th 1838, conveying to her all the estate conveyed
to him by Philip Bessom and Betsey his wife, " excepting
the chamber and bed room heretofore conveyed by me " (said
Roundy) " to Abigail S. Bessom, by deed recorded with
Essex deeds ; excepting and reserving also to Betsey Bessom
above named, widow of said Philip Bessom, deceased, that
she may *continue* to live in the dwelling-house, during the
term of her natural life, without paying any manner of rent
therefor." The deed from said Hannah to the defendant,
dated June 2d 1842, purported to convey to him the same
estate which Roundy conveyed to her, by the deed above
mentioned, and contained the same exceptions and reservations
which were contained in that deed.

The plaintiff offered to prove that, at the time when said

deeds were made, she was in possession of those parts of the house into which the tenants aforesaid were put by the defendant, and of all the house except what was excepted, in said deeds, as conveyed to Abigail S. Bessom. But the court ruled that such evidence was immaterial, and excluded it. The court also ruled, as matter of law, that the plaintiff was not entitled to maintain the present action, and a verdict was returned for the defendant. The plaintiff alleged exceptions to said rulings.

*O. P. Lord*, for the plaintiff.

*N. J. Lord*, for the defendant.

SHAW, C. J. Trespass *quare clausum.* The defendant justified under a claim of title, by a deed from Hannah Martin to himself, and from Roundy to said Martin. In the deed from Roundy to Martin, the grantor, after describing the estate as having been conveyed to him by Philip Bessom and Betsey his wife, makes the following exception and reservation : " Excepting and reserving also to Betsey Bessom above named, that she may continue to live in the dwelling-house herein conveyed, during the term of her natural life, without paying any manner of rent therefor." The defendant took his title subject to this exception and reservation. In his deed from Hannah Martin, the same reservation is made that is made in Roundy's deed to her.

Now, though a party cannot show title in himself by a reservation in a deed between others, to which he is not a party, yet such reservation will prevent the reserved part from passing to the grantee, and constitute a good reservation to himself. So here, though the plaintiff could not directly claim title to herself, yet it was a good reservation to the grantor, Hannah Martin, for the life of this plaintiff ; and if said Hannah did not interfere to defeat the plaintiff's possession, but permitted her to occupy the house, she had a possession lawful and valid against all others, and might maintain trespass, if her right of possession was violated.

The principal difficulty lies in the uncertainty of the description of the part reserved. But the court are of opinion

that if the plaintiff, when the deed was made by Hannah Martin to the defendant, was in possession of that part of the house upon which the trespass is alleged to have been committed, the said Hannah was disseized *pro tanto*, and that part did not pass. This was a question of fact, and parol evidence was competent to prove her possession at that time. The court having rejected the evidence offered for this purpose, the verdict must be set aside, and a

*New trial ordered.*